**DONALDSON v. CHARLOTTE MEM. HOSP. & MEDICAL CENTER**

[96 N.C. App. 663 (1990)]

WILLIAM DALMAS DONALDSON v. CHARLOTTE MEMORIAL HOSPITAL & MEDICAL CENTER, INC., AND BURTON L. THOMSEN, M.D.

No. 8926SC28

(Filed 4 January 1990)

**Physicians, Surgeons and Allied Professions § 11 (NCI3d) — medical malpractice — instructions on duty of care — recital of N.C.G.S. § 90-21.12 — error**

There was prejudicial error in a medical malpractice action where the trial court in its instructions on the health care provider's duties of care recited N.C.G.S. § 90-21.12 verbatim. Although the trial court later instructed the jury twice that defendants would be negligent if they failed to exercise their best judgment, if they failed to use reasonable care and diligence in the application of their knowledge and skill, or if they failed to provide care in accordance with the standard of care required by law, the Court of Appeals was unable to hold that the jury could not have been confused by the earlier instruction.

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 363; Trial §§ 609, 614, 615.**

APPEAL by plaintiff from Order entered by *Judge J. Marlene Hyatt* on 9 September 1988 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 29 August 1989.

*Karney & Poling, P.A., by Richard D. Poling, for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mark C. Kurdys, for defendant appellees.*

COZORT, Judge.

The question raised by this appeal is whether the trial court committed reversible error in reciting verbatim N.C. Gen. Stat. § 90-21.12 when instructing the jury, in a medical malpractice action, on the health care provider's duties of care. We hold that the court's instructions were confusing to the jury to the prejudice of plaintiff. We therefore vacate the judgment and remand for a new trial.

Plaintiff, a fifty-five-year-old man, was admitted to Charlotte Memorial Hospital for a carotid endarterectomy to alleviate his advanced atherosclerotic disease. The surgery was performed by defendant Burton Thomsen, M.D., a resident physician in the thoracic and cardiovascular surgery program, under the supervision of Dr. Frederick Taylor. At the time of plaintiff's admission to the recovery room at 4:30 p.m., he was in stable condition and exhibited normal neurologic and physical signs and responses. At 6:00 a.m. the following day, Dr. Thomsen checked plaintiff and found that a hematoma, or blood clot, had formed at the surgical site. At 10:00 a.m. another resident physician, Dr. Edmundson, noted the hematoma and described it as extending to plaintiff's chin. Dr. Edmundson testified that he was concerned that the hematoma could cause tracheal obstruction and respiratory arrest, and he advised the nurse attending plaintiff to notify the thoracic surgery resident about the hematoma. The nurse testified that she did not attempt to page the surgical resident or any staff doctor until after 11:50 a.m.

At 11:50 a.m., plaintiff began to experience respiratory distress and complained of an inability to breathe. The attending nurses were unable to insert a nasogastric suction tube into plaintiff and could not locate Dr. Thomsen or Dr. Taylor. By 11:55 a.m., plaintiff was cyanotic, and a Code Alpha was initiated. Plaintiff's breathing stopped, and he went into cardiac arrest. A surgical resident then removed the sutures from the operative site and removed a "huge dark clot." Intubation was then accomplished, and plaintiff was taken to an operating room, where Dr. Thomsen removed the remainder of the hematoma and repaired a bleeding needle hole in the carotid artery.

As a result of the tracheal compression which caused the respiratory arrest, there was a period of inadequate oxygen supply to plaintiff's brain, and he sustained permanent brain damage and a seizure disorder. Since his discharge from the hospital, plaintiff has lived with and has been cared for by his family. He is confined to a bed or wheelchair.

The jury reached a verdict in favor of defendants on the first issue of negligence. The trial court entered judgment accordingly and thereafter denied plaintiff's motion for a new trial.

On appeal plaintiff assigns error to the trial court's instructions to the jury on the issue of negligence. The trial court's instructions tracked those set forth in North Carolina Pattern Jury Instruc-

**DONALDSON v. CHARLOTTE MEM. HOSP. & MEDICAL CENTER**

[96 N.C. App. 663 (1990)]

tion—Civil 809.00, with one exception: the court included a substantially verbatim reading of N.C. Gen. Stat. § 90-21.12. In its first statement of defendants' duties to plaintiff, the court instructed the jury as follows:

In this case these duties are:

First, a duty to exercise its best judgment in the care and treatment of his patient;

Second, a duty to use reasonable care and diligence in the application of his knowledge and skill to his patient's care;

Third, a duty to provide care in accordance with the standard of health care required by law.

North Carolina General Statute 90-21.12 provides: "In any action for damages for personal injury or death arising out of the furnishing or the failure to furnish professional services in the performance of medical, dental, or other health care, the defendant *shall not be liable* for the payment of damages *unless* the trier of fact is satisfied, by the greater weight of the evidence, that the care of such health care provider was not in accordance with the standards of practice among members of the same health care profession with similar training and experience, situated in the same or similar community at the time of the alleged act, giving rise to the cause of action."

A violation of any one of these duties is negligence. (Emphasis added.)

Plaintiff contends that, by quoting the statutory language "shall not be liable . . . unless," the jury was in effect told that defendants could be liable only for a breach of the duty to provide care in accordance with the standard of health care required by law. Alternatively, plaintiff argues that the inclusion of the statutory language was at best confusing and misleading. We agree that the instruction may have confused the jury.

It is true, as defendants have emphasized, that the trial court later instructed the jury twice that defendants would be negligent if they failed to exercise their best judgment, or if they failed to use reasonable care and diligence in the application of their knowledge and skill, or if they failed to provide care in accordance with the standard of health care required by law. Yet defendant conceded in oral argument that, if the disputed instruction had

been the sole instruction given, then it would have been confusing. Although the trial court's charge is to be "considered contextually as a whole," *Hanks v. Nationwide Mut. Fire Ins. Co.*, 47 N.C. App. 393, 404, 267 S.E.2d 409, 415 (1980), we are unable to hold that the jury could not have been confused by the earlier instruction. Plaintiff is entitled to a

New trial.

Judges ARNOLD and BECTON concur.